IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARIA REMINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22cv557 |
| | ) | |
| NC DEPARTMENT OF COMMERCE | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff submitted a pro se Complaint and Application to Proceed in District Court without Prepaying Fees or Costs. (Docket Entries 1, 2.) The Complaint names the North Carolina Department of Commerce Division of Employment Security ("DES") and its Assistant Secretary, Pryor Gibson, as Defendants and demands damages due to the allegedly unlawful withholding of "Coronavirus Pandemic" related benefits "from 2020-2022." (Docket Entry 2 at 2.) Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint, and "shall dismiss the case . . . if the [C]ourt determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons that follow, the Court will grant Plaintiff's Application to proceed

in forma pauperis for the limited purpose of recommending dismissal of this action.

## LEGAL BACKGROUND

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). To balance this public interest with the potential administrative burden on the courts, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A plaintiff fails to state a claim upon which relief may be granted when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[1] "Where a complaint pleads

---

1  Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels

2

facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

For the reasons that follow, the Court should dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted.

## DISCUSSION

The Complaint alleges that DES "deprived plaintiff of PAN benefits previously for the Coronavirus Pandemic . . . due to racial discrimination of Plaintiff and her name." (Docket Entry 2 at 2.) According to the Complaint, Plaintiff received no benefits "from 2020-2022" but "was then given some benefits." (Id.) Notwithstanding this limited disbursement of benefits,

---

and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

3

the Complaint asserts that DES "continues to racially discriminate [against] Plaintiff [by] not settl[ing] matters" (id.), and that DES "chooses not to comply with the law regarding funding" (id. at 3). Although the Complaint includes no explicit statutory or constitutional basis for Plaintiff's claims, because the Complaint contends Plaintiff suffered discriminatory treatment on account of her race (see id. at 2-3), and because Plaintiff seeks damages (id. at 4), the Court will construe the allegations as an equal protection claim arising under 42 U.S.C. § 1983.

To state a viable Section 1983 claim, Plaintiff must show that Defendants "deprived [her] of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The Equal Protection Clause of the Fourteenth Amendment instructs that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on [her] equal protection claim, [Plaintiff] must first allege facts showing that [s]he was treated differently from others who were similarly situated and that such unequal treatment resulted from intentional or purposeful discrimination." Roudabush v. Milano, 714 F. App'x

4

208, 210 (4th Cir. 2017). For several reasons, the Complaint fails to state a viable Section 1983 claim.

First, Plaintiff's claim against DES fails because DES, as a state agency, constitutes "an arm of the state," Hanifee v. Board of Educ. of Kent Cnty., Civ. Action No. 09-2381, 2010 WL 723772, at *5 (D. Md. Feb. 24, 2010), and Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties," Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Under Section 1983, "neither the state nor a state agency is deemed a 'person.'" Savage v. North Carolina Dep't of Correction, No. 5:06-CV-171, 2007 WL 2904182, at *5 (E.D.N.C. Sept. 29, 2007); see also Cochran v. West Virginia Reg'l Jail & Corr. Facility Auth., Civ. Action No. 3:13-10176, 2014 WL 2973486, at *3 (S.D.W. Va. July 2, 2014) (observing that "a 'person' suable for damages under § 1983 does not include a state agency"). As a result, Plaintiff's 1983 claim against DES cannot proceed, and the Court should dismiss it. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Second, Plaintiff's claim against Defendant Gibson fails as a matter of law because the Complaint contains no allegations related to his individual or personal conduct. See, e.g., Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own

5

individual actions, has violated the Constitution."); Cook v. James, 100 F. App'x 178, 180 (4th Cir. 2004) ("[The p]laintiff] must establish that [the d]efendant [] was personally involved in the deprivation of [her] constitutional rights in order to sustain a claim under § 1983."); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (internal quotation marks omitted)); Gerald v. Greene, Civ. Action No. 17-3737, 2019 WL 430854, at *3 (D. Md. Feb. 1, 2019) ("The official's own individual actions must have violated the Constitution." (internal quotation marks omitted)). The Complaint names Gibson as a Defendant, but his name appears nowhere else in the Complaint. (See generally Docket Entry 2.) As a result, the Complaint does not "contain sufficient factual matter, accepted as true, to state a [§ 1983] claim [against Gibson ] that is plausible on its face." Iqbal, 556 U.S. at 678. Accordingly, the Court should dismiss Plaintiff's claim against Defendant Gibson. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, the Complaint fails to state a viable § 1983 claim because it contains only conclusory allegations of racial discrimination. The Complaint contends that DES deprived

6

"[P]laintiff of benefits due to racial discrimination of Plaintiff and her name" (Docket Entry 2 at 2), as well as that DES "continues to racially discriminate Plaintiff [by] not settl[ing] matters" (id.), and "chooses not to comply with the law regarding funding" (id. at 3). But those allegations, "standing alone, do[] not plausibly show that the defendants intentionally or purposefully treated Plaintiff differently from others based on her race." Shuler v. Orangeburg Cnty. Sheriff's Dep't, Civ. Action No. 5:19-88, 2019 WL 9341416, at *4 (D.S.C. July 8, 2019), recommendation adopted, Civ. Action No. 5:19-00088, 2020 WL 1933781 (D.S.C. Apr. 22, 2020). "Other than [her] own speculation, the Plaintiff has not set forth any allegations or additional facts to support this claim of racial [discrimination]." Cullins v. Sumter City Police Dep't, Civ. Action No. 8:10-264, 2011 WL 291252, at *4 (D.S.C. Jan. 4, 2011), recommendation adopted, No. 8:10-CV-264, 2011 WL 291249 (D.S.C. Jan. 27, 2011). The Complaint's "unadorned, the-defendant-unlawfully-harmed-me accusation" does not suffice as a matter of law. Iqbal, 556 U.S. at 678. As a result, the Court should dismiss this action. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs

7

(Docket Entry 1) is **GRANTED** for the limited purpose of entering this recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed for failure to state a claim upon which relief may be granted, pursuant to Section 1915(e)(2).

This the 4th day of November, 2022.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**